UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ADZO AMEFIA, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>IMMIGRATION AND )<br>NATURALIZATION SERVICES, )<br>)<br>  Defendant. | Case No. 4:14-cv-04036-SLD-JEH |

ORDER

Now before the Court are Plaintiff Adzo Amefia's Petition to Proceed in Forma Pauperis, ECF No. 2, and Motion to Request Counsel, ECF No. 3. For the following reasons, the Court GRANTS the former and DENIES the latter without prejudice.

**I.  Motion for Leave to Proceed In Forma Pauperis**

Plaintiff has moved to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's Motion was submitted under penalty of perjury and sufficiently demonstrates that Plaintiff should be excused from paying the filing fee in this action. The clerk is directed to file the Complaint and deliver three copies, along with summons, to the United States Marshal, who is directed to serve them on Defendant in accordance with Federal Rule of Civil Procedure 4(i).

**II.  Motion to Request Counsel**

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the Court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

1

the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).

As to the second element, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* The Court will also consider "the plaintiff's literacy, communication skills, educational level, and litigation experience ... intellectual capacity and psychological history" to determine her ability to present her case. *Id.* Lastly, the Court will consider whether the plaintiff has sufficient access to legal materials and postal services. *Brown v. Hertz*, 437 F. App'x 496, 500 (7th Cir. 2011).

Plaintiff has not satisfied the first requirement by showing she made efforts to obtain counsel or, alternatively, by giving a reason why she could not do so. Her Motion to Request Counsel fails to include expressly required documentation showing that she asked attorneys to represent her in this case, and she has failed to explain its absence. Pl.'s Mot. Req. Counsel ¶ 2, ECF No. 3. Despite asking the Court to provide her with counsel, moreover, in her Motion for Leave to Proceed in Forma Pauperis, Plaintiff indicates that she has paid attorney Larry J. Hagen for legal services in this matter. Pl.'s Mot. Lv. Proceed IFP ¶ 10, ECF No. 2. It is therefore unclear to the Court why and to what extent Plaintiff seeks appointment of counsel.

Additionally, Plaintiff's motion fails to address her competency to litigate the case herself. If Plaintiff is in fact not represented in this matter and still wishes the Court to appoint counsel for her, Plaintiff must address the factors, described above, determining her ability to litigate the case herself, and show how those factors limit her capacity to present her case to the Court.

Therefore, Plaintiff's Motion to Request Counsel, ECF No. 3, is DENIED without prejudice. If Plaintiff in fact lacks representation and still wants the Court to appoint counsel for her, she must file a supplemental motion by May 13, 2014, that (1) clarifies Mr. Hagen's status as it concerns Plaintiff's legal representation, (2) describes Plaintiff's efforts to contact attorneys or legal organizations to represent her in this case, or her reasons for being unable to make such efforts, and (3) discusses in greater detail the factors that render her incapable of litigating the case herself.

Entered this 29th day of April, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
